ANDREW M. ROSS, plaintiff in error, *vs.* JOHN WILLIAMSON, defendant in error.

1. In a proceeding by an incoming officer, who has been commissioned and sworn, against his predecessor, to compel the turning over of the books, papers, etc., of the office, as provided by sections 162, 163, 164, 165 of the Code, the Courts will not go behind the commission to inquire into the legality of the election, or the eligibility of the new officer.

2. The simple fact that an officer elect does not give his bond and take the oath of office within the time prescribed by law, is not sufficient to work a forfeiture of his right to the office; it must appear that the not giving the bond and taking the oath within the time, was by the fault or failure of the officer.

*Quo Warranto.* Officer's books, etc. Before Judge SCHLEY. Chatham county. March, 1871.

Williamson averred that, in December, 1870, he was duly elected treasurer of said county, had been commissioned by the Governor as such treasurer, and qualified by taking the oath, and giving the bond required by law, yet Ross, his predecessor, refused to deliver him the books, etc., of the office.

He prayed that Ross show cause why he should not be compelled to deliver the books, etc. Ross demurred to this petition, upon the ground, that it did not aver that, at the date of said election, Williamson was eligible to said office. The demurrer was overruled.

Ross answered that Williamson was not duly elected to said office; that he was ineligible because he had been a Justice of the Inferior Court of Chatham county, prior to the war, and taken an oath to support the Constitution of the United States, and afterwards engaged in the rebellion, and, therefore, the votes for him were not to be counted; that Williamson did not take the oath and give the bond in the time prescribed by law, and Ross rightfully holds said books, etc., because his successor has not been legally qualified. He further answered that Williamson's sole remedy was *quo warranto.*

The Judge ordered the books, etc., to be delivered to Williamson. Ross asked for a *supercedeas* for twenty-four hours, till he could sue out his writ of error to this Court, but the Judge refused to grant it. The said rulings of the Judge are assigned as error.

A. W. STONE, for plaintiff in error.

HARTRIDGE & CHISOLM, for defendant.

McCAY, Judge.

1. This is a proceeding, under sections 161, 166 of the Revised Code, to require the delivery of the books and papers of an office to a newly elected and commissioned officer, by the former incumbent. It is not intended as a mode of trying the right of either party to the office. That, by the long established practice of the country, is by writ of *quo warranto.* These provisions of the Code look solely to the retention of the books, papers, and other property of an office, by an incumbent against the newly elected and commissioned officer.

The first section declares that when any office is "vacated,"

Ross *vs.* Williamson.

etc. The record and the law of the land shows that the office, in this case, was vacated by the expiration of the term of the incumbent. He only holds after that expiration as the *ad interim* possessor until his successor is elected and *qualified.* The petition shows that the petitioner has been elected and commissioned. That is all that is required by the statute. The word " qualified," used in the first section, clearly can only mean " sworn in," and this is the sense in which it is commonly used in the Constitution and laws: Constitution, Article 3, section 1, paragraph 2. Indeed, I think this is the universal use of it, as applied by law to public officers. The commission only issues on the qualification, and hence is evidence of it. The fact of the election, the eligibility of the officer, and his qualification, all are *prima facie,* stated in a case like this, by the statement that he has been commissioned and sworn. We think, therefore, the Court was right in overruling the demurrer.

Very clearly, also, under this statute, a jury trial was not contemplated. It is a *summary* proceeding, leaving the parties to the writ of *quo warranto.* The action of the Court does not settle the right of either party to the office, but simply that a vacancy had existed, that a successor had been qualified according to the forms of law. Even if the facts were disputed, it is for the Judge to try it. The result is merely to say who shall have the books, etc., and not to decide, except, *prima facie,* the right to the *office.*

2. The answer sets up that the complainant did not take the oath and give the bond within the time required by law. We think it is, perhaps, legitimate to inquire, even in a case like this, into the question of " qualification." It is said, in section 126 of the Code, that an office is vacated if the person elect *fail* to qualify and give bond within the time prescribed by law. We are clear, however, that this means a *failure,* that it only applies to cases when the officer is in *fault.* The simple statement that the oath was not taken and the bond filed within the time is not, in our judgment, sufficient.

The Code, section 143, in regulating the time within which such bonds shall be filed, fixes it at so many days from the election, etc. But this has never been literally construed. In many of the counties, the shortest time mentioned here (twenty days) would most frequently be consumed in getting the returns to the capital and returning the commission to the Ordinary. It often happens that the election is contested, sometimes the mail fails, sometimes the commissions lie in the office through fault of the Ordinary. An experience of many years, as a county officer, informs me that the practice generally has been to notify officers that their commissions have arrived, and it has not been usual to consider the office vacant until this notice has been given; and this upon the idea that the officer has not *failed* until he has notice that the Ordinary is ready, prepared by the presence in his office of the commission, to take the bond and administer the oath. See the case of *Basset vs. The Governor*, 11 Georgia Reports, 207. We think, for these reasons, that the statement made in the answer that the petitioner had not taken the oath and given the bond within the time prescribed by law is not sufficient, that it ought to have further set forth that this was by *his default*. The Judge was not called upon to hear evidence because it was not claimed in the answer that the not taking the oath and giving the bond was by the fault of the complainant. Judgment affirmed.