## PARKS *vs.* THE CITY OF ATLANTA *et al.*

Where the fire masters of a city employed a man at will, and not for a year or any specified time, under a resolution adopted by them, that "instead of electing, the men be employed for the different positions subject to the will of the board," upon his discharge, he could not recover against the city, or the members of the board of fire-masters, for his wages for the balance of the year; and such facts appearing from the plaintiff's evidence, a nonsuit was proper.

(*a.*) There being no proof of damage to character and standing, or loss of service, no verdict could have been rendered therefor, and a nonsuit was right.

(*b.*) It is unnecessary to consider how far the resolution of the board was restricted by the ordinance of the council.

(*c.*) What was said to plaintiff by others than his employers was inadmissible; and custom could not affect his rights under his contract in this case, not being such as to enter into his contract at the time it was made.

Judgment affirmed.

March 23, 1886.

JACKSON, Chief Justice.

[On September 9, 1884, B. F. Parks brought an action against the city of Atlanta and the board of fire-masters thereof, alleging that he had been employed as a fireman with the knowledge of the ordinance of the city in respect to the employment of such persons; that he had been in that service from 1882 until May 2, 1884; that he had performed his duties properly; that his salary was $50 per month; that on May 2, he was discharged without any notice, charges or hearing; and that he was entitled to his wages for the remainder of 1884. Damages also were claimed for injury to his character by reason of the discharge.

On the hearing, the plaintiff testified that he was employed in 1882, and served until May 2, 1884, doing the duties required of him ; that there was some dissension in the company to which he belonged, and he preferred charges against the foreman; that on the investigation, questions as to his own conduct were argued, and that on May 2, he was discharged. It appeared that the firemen were paid monthly. An ordinance of the city, containing the following provisions, was introduced:

"The boards of fire-masters shall have the power to make such rules and by-laws for the government of the department as shall to them seem most expedient, not in conflict with this ordinance or the city charter.

"The board of fire-masters shall have the power to suspend at will, also to fine or dismiss, any of the officers or men, who shall have been employed by said board, for any violation of the rules of the department, after a full and impartial hearing and trial shall have been given to such officers or men by the said board at a meeting to be called for that purpose."

Also the minutes of the board of fire-masters, showing that before the plaintiff was employed, a resolution was adopted as follows:

"Instead of electing, the men be employed for the different positions, subject to the will of the board."

The plaintiff offered to testify that he understood from

the chief of the fire department that he was employed as long as he performed the services satisfactorily; also that it was the custom of the city to retain the men in the department as long as they so performed their duties. This evidence was excluded.

On motion, the court granted a nonsuit, and the plaintiff excepted.]