## MILLER vs. THE TOWN OF SENEY.

The town of Seney being a corporation existing by virtue of the act of 1872, (code, ₴774 to 797,) is not liable for compensation, beyond the time he actually served, to one who was its marshal *de facto* from January to June, but gave no bond, was discharged by the common council in June, accepted, a few days thereafter, a testimonial from the mayor and members of council with a view to seeking employment elsewhere, and in September became a candidate for marshal of the town, recognizing the office as then vacant. Even were he the marshal *de jure* up to the time he was discharged, he held at the pleasure of the common council by express provision of the statute, code, ₴779, and his removal by that body terminated his right both to the office and its emoluments.

December 19, 1888.

Municipal corporations. Officers. Master and servant. Before Judge MADDOX. Floyd superior court. March term, 1888.

Reported in the decision.

C. ROWELL, for plaintiff.

DABNEY & FOUCHÉ, for defendant.

BLECKLEY, Chief Justice.

The town derives its corporate existence and powers under the act of 1872, (code, §774 to §797,) having been incorporated by the superior court in the manner prescribed by that act. Miller served the municipality as marshal during the year 1885, up to June 18th, and was then discharged by the common council. This action was brought by him after the year expired, and was for the recovery of his compensation from the time of his discharge to the end of the year, at the same rate which had been paid him for the time he served, to wit, $30 per month. The jury found in his favor, and the court granted a new trial.

Several reasons appear in the record why there was no right to compensation beyond the time during which service was rendered: First, tested by the appropriate evidence of the proceedings of the common council, to wit, the book required to be kept, (code, §785,) the plaintiff was not elected to the office of marshal for the year 1885, and if parol evidence of the fact of election could be regarded, the same, as sent here, is too conflicting to supply the want or take the place of the proper entry in the corporation minutes; secondly, the statute requires (code, §779,) that the marshal, "when elected," shall enter into bond, with sufficient sureties, approved by the mayor, etc. The election, if any took place, was in January, and no bond was tendered till some time before the discharge, how long is not stated, nor is it stated that it was approved by the mayor. As it was not accepted, the inference is fair that it was not approved. A copy of a bond is in the record, but that bond bears date after the discharge, and though purporting to be executed in presence of the mayor, was never executed either by the principal or the sureties, being unsigned by any one. The record indicates that the person attesting it as mayor was not such at that time, having previously resigned and his successor being then in office. No bond was in fact given and accepted, although the statute required a bond, and the amount of the marshal's bond had been fixed by the common council, on the 15th of January, 1885, at $300. Thirdly, but had Miller been regularly in office as marshal *de jure*, the tenure of his office was *de bene. placito*, the statute saying expressly that "said officers" (meaning the treasurer and the marshal) "shall continue in office during the pleasure of council." Code, §779. It was the pleasure of the council to remove him, and under the statute we hardly think that any other reason was

necessary to justify their action. *Parks vs. Atlanta,* 76 *Ga.* 828; People *vs.* Comptroller, 20 Wend. 595.

If, however, some other reason was necessary, surely the fact that he had given no official bond was sufficient. In *Ross vs. Williamson,* 44 *Ga.* 501, no question of the power to remove at pleasure was involved. The council could not, by a contract with the marshal that he should serve for a year, deprive themselves of their statutory power to remove him at their pleasure. Besides, they did not by any valid action as a municipal body fix the term of service; the ordinance on the subject is like the statute. When the ordinance was passed does not appear; its date is not given. Fourthly, the evidence indicates that Miller himself acquiesced in the removal, and that his drawing its validity into question was an afterthought. In a few days after he was dismissed, he procured from the mayor and members of council a testimonial with a view to obtain a situation on the police force of Rome, and when a marshal of the town of Seney was to be elected in September he recognized the vacancy and offered himself as a candidate to fill it. If he then considered himself the rightful marshal of the town by virtue of an election in January, it was odd that he should have stood for re-election in September.

The decisive point, however, is that the statute warranted his removal at the pleasure of council; and the court having so charged the jury, the verdict was contrary to the charge and contrary to law.

Judgment affirmed.