THE SINGER MANUFACTURING COMPANY *v.* ARMSTRONG.

91 · 745
118  852

1. The action being brought in the statutory form on an account, with a copy attached, and the attached copy being as follows: "Amount due as manager for its office in Macon, for the months January, February and March, 1891, $3,000," the cause of action was either for the whole or for the balance of an amount due to the plaintiff as manager; and after it appeared in evidence by the testimony of the plaintiff himself that the contract with him as manager had been fully complied with, the bill of particulars was not amendable by substituting for it another bill of particulars predicated upon a subsequent contract employing him, not as manager, but as the instructor of and assistant to his successor in the position of manager. Though the two contracts were identical in terms as to the rate of compensation, they were in fact separate and distinct undertakings, and the breach of one would be a different cause of action from a breach of the other.
2. As the amendment was improperly allowed, and all subsequent proceedings were applicable alone to the cause of action thus introduced, the court erred in not granting a new trial.

June 26, 1893.

Before Judge Ross. City court of Macon. June term, 1892.

WASHINGTON DESSAU, for plaintiff in error.
HARDEMAN, DAVIS & TURNER, *contra.*

SIMMONS, Justice.

1. Armstrong brought an action upon account, in the short statutory form, against the Singer Manufacturing Company. The copy of the account attached to the declaration was as follows:

"Singer Manufacturing Company, to B. D. Armstrong.

"To amount due as manager of its office in Macon for the months January, February and March, 1891, $3,000.00."

At the trial the plaintiff amended his declaration " by substituting for the bill of particulars" the following :

"To amount due as per agreement for services at the Macon office from January 28 to April 1st, 1891, at the rate of 25 per week and 5 per cent. commission upon

all amounts remitted by the Macon office to the Richmond office, to 9 week at 25, $225.00."

The above was followed by an itemized list of remittances from January 31st to March 28th, 1891, amounting to $3,645.76, with a charge thereon of commissions at 5 per cent., amounting to $182.28, which, added to the $225.00, made the total bill amount to $407.28. The jury found for the plaintiff $364.54, and defendant filed a motion for a new trial, containing several grounds. In the view we take of the case, it is necessary to deal with only one of them, it being that in which the defendant assigned as error the allowance, over its objection, of the amendment above mentioned, the objection being that the amendment set forth a new and distinct cause of action. Even under the extremely liberal rule as to amendments which prevails in this State, it would, in any view of the case, be going to the utmost length to allow this particular amendment. It will be observed that the two accounts differ widely in many respects. The first is for services as manager, and the second for services of a kind not specified, except as to the matter of making remittances, and it is not alleged that these services were within the scope of a manager's duties. The first account covers the months of January, February and March, 1891; the second covers the period from January 28th to April 1st, 1891. The first account does not show whether it was based upon an express or an implied contract; the second appears to have been based upon an express contract. The first account is for a stated salary of $3,000.00 for a period covering three calendar months, and containing no hint of any commissions upon remittances, while the second includes a weekly salary of $25.00 for nine weeks, and commissions upon various remittances purporting to have been made during the time above indicated.

In view of the discrepancies appearing upon the face

of these two accounts, it would, in the absence of any explanatory allegation, be going quite far to hold that they covered the same identical cause of action, or that the pleader, in shaping the first bill of particulars, really had in contemplation the services and commissions which are set forth in the second. It will be remembered that the amendment was made by simply substituting the second bill of particulars for the first, and there is no averment, or even a hint, that the amended bill of particulars constitutes the same cause of action as that to which the first bill of particulars relates. Hence we say that under these circumstances, it would, upon the face of the papers, at least exhaust the liberality of the courts of this State to allow this amendment to be made, if it could properly be done at all.

Another fact, however, appears, which relieves us of all difficulty in holding that the amendment in question should certainly not have been allowed in the present case. It is obvious that the original bill of particulars was for a cause of action covering either the whole or the balance of an amount due to the plaintiff as manager of the defendant's office in Macon. The amendment was not offered until it had appeared from the testimony of the plaintiff himself that the contract between the company and himself as manager had been fully complied with, and that if the company owed him anything at all, it was upon a subsequent contract by the terms of which he was employed, not as manager, but to instruct and assist his successor in the office of manager, so that the latter might become familiar with the duties of his position. It is true that the two contracts, according to the evidence, were identical in terms as to the rate of compensation to be allowed the plaintiff; but it is obvious and beyond question that they were in fact separate and distinct undertakings, and consequently the breach of one would necessarily be a dif-

ferent cause of action from a breach of the other. It being apparent from the plaintiff's own testimony that he was seeking to substitute for the original cause of action which was based upon a contract for services rendered by him as manager, another and distinct cause of action based upon services rendered under another contract and in a different capacity, the amendment should have been rejected. Our statute forbids the introduction by amendment of a new and distinct cause of action, and when the court knows absolutely that an attempt to do so is made, the proper course is to defeat it. In this case the court ought to have so known, because the attempt to introduce a new cause of action was apparent from the plaintiff's own testimony, and it is certainly no hardship upon him to hold him bound by his own sworn statements as a witness for himself, or the consequences thereof. It being, at best, extremely doubtful whether the bill of particulars set forth in the amendment did or did not introduce a new cause of action, and the plaintiff having himself solved the doubt by testifying, in effect, that it did, he would have had no just cause of complaint if the court had rejected the amendment altogether.

2. It is apparent that, after the amendment was allowed, all subsequent proceedings were applicable alone to the cause of action thus introduced. This being so, these proceedings were necessarily out of order and erroneous, and consequently the court erred in refusing to grant a new trial.          *Judgment reversed.*