## CLEGG *v.* WHITLEY.

Fish, J.　1. Where a trading corporation had an existing contract with the manufacturer of a leading article of commerce for the exclusive sale thereof in a given territory, and by virtue of such contract was enabled to increase its general business and the profits of the same through a course of years, the benefits resulting from such contract to the corporation would, at any given time while the contract was of force, be represented in the gross amount of the corporation's tangible assets.

2. This being so, a shareholder in the corporation who sold out his stock therein, at a price arrived at by making a fair valuation of such assets and taking into account the liabilities of the concern, received the full benefit of all advantages derived from the contract with the manufacturer up to the time of the sale of the stock.

3. Where, however, such contract had no fixed time to run and was terminable at the will of the manufacturer, there would, at any given time, be no practicable basis for ascertaining how much, if anything, the mere existence of the contract could be said to enhance the value of the stock.

4. Applying what is laid down above to that view of the evidence which is most favorable to the plaintiff, she was not entitled to recover, and the verdict in favor of the defendant was right ; for even assuming that he, in purchasing her stock, falsely represented that the contract with the manufacturer was his individual property and not that of the corporation, there was no basis for calculating the damages alleged to have been occasioned to the plaintiff by his deceit.　On the contrary, the same were too remote and speculative for computation.

5. As will be observed, an affirmance of the judgment below necessarily results, although the plaintiff be given the benefit of all her contentions of fact ; and it is equally true that the evidence fully warranted a finding that the defendant below was guilty of no deceit at all.　It is immaterial whether the court did or did not err in charging, or in refusing to charge ; for the verdict, under the law and the evidence, was the only outcome of the case legally possible.　·

*Judgment affirmed.　All the Justices concurring.*

Argued January 4, — Decided February 4, 1902.

Action for deceit.　Before Judge Littlejohn.　Sumter superior court.　July 22, 1901.

*Shipp & Sheppard,* for plaintiff.
*Allen Fort* and *C. R. Winchester,* for defendant.