27355. BAILEY v. NASHVILLE, CHATTANOOGA AND SAINT LOUIS RAILWAY.

DECIDED MAY 26, 1939.

*Lanham & Parker,* for plaintiff.
*Wright & Covington,* for defendant.

BROYLES, C. J. The plaintiff brought suit against the Nashville, Chattanooga & St. Louis Railway for breach of a written contract. He alleged that he was an office employee, known as a cashier, working for the defendant company on April 18, 1930, "and that he was one of the employees named and embraced in a certain

agreement as to hours of service and working conditions governing clerical employees." This contract was signed by the defendant company and the N. C. & St. L. Clerks Association. It was further alleged that on that date he disclosed to the defendant company that there was a shortage in the office where he was cashier, but that such shortage was not chargeable to him; that his immediate superior at once relieved him of the handling of all cash "until the matter was straightened out;" that he was not discharged at that time, but two days later he was taken sick and confined to his home for approximately three weeks, and when he then presented himself to defendant company for his work and position he was notified that his services were not needed, and he was not permitted to resume his duties or discharge the same; that he has never been employed by the defendant since that time in the year 1930; that under the contract above stated, to which contract he was a party at interest, it was provided that an employee who is disciplined (it being alleged that disciplined as there used means suspended or discharged), or considers himself unjustly treated, shall, upon written request presented to his immediate superior within five days from the date of advice of discipline, have a fair and impartial hearing, with further provisions for an appeal from the decision on such hearing; that he did not ask for a hearing, because he was never given any notice of any discipline, suspension, or discharge, and because he was led to believe he would be restored to his position; and that as a result of his lack of notice of discharge he has never been discharged, "but simply held out of service." The contract attached to the petition was not under seal; and it was alleged that his right of action was not barred by the statute of limitations, because each day that defendant refused to restore him was a separate and continuing breach of the contract, which continued up to the date of the filing of this suit in March, 1938. He then alleged the amount of salary (some $1400) which he would have earned during this period, for which amount he sued; and he alleged that, having had no notice of his discharge or discipline, he had no opportunity to defend himself.

Conceding, but not deciding, that the plaintiff was a privy to the contract and could in his own name bring a suit for a breach thereof, we think the general demurrer to the petition was properly sustained for another reason. The petition fails to allege for what

term the plaintiff was employed, nor does the contract provide that the defendant company could not discharge him without a hearing. The contract merely provides that when there is a suspension or discharge of the employee he may, within five days of the date of such discharge or suspension, avail himself of a hearing by giving written notice to his immediate superior. He will not be heard to say he had no notice of a discharge, when he admits that he was notified that his services were no longer required and his pay was stopped. This took place in April or May, 1930. He alleges that he was suspended and then discharged at that time. Under the contract relied on, if he had a ground of complaint, such ground of complaint must have been registered in writing within five days. He can not in one breath say that he was suspended and discharged in April, 1930, and in the next breath say that he made no complaint until 1938 because he had no notice of such suspension or discharge. A subsequent promise that he would be restored "when the matter is cleared up," and that he would be restored if the agent at Rome recommended it, is not such conduct on the defendant company's part as would amount to a fraud. The petition also alleges that he learned of this alleged fraudulent conspiracy in 1937, but that he failed at that time, or within five days thereof, to give notice of application for a hearing, as is provided in the contract. The contract further provided that "An employee, on request, will be given a letter stating the cause of discipline." It is not alleged that the plaintiff ever made any request at any time for such a letter. Not being employed for a definite length of time, his contract of employment was subject to termination at the will of his employer. Code, § 66-101; *Lambert* v. *Georgia Power Co.*, 181 Ga. 624 (183 S. E. 814). The contract provided for a hearing upon such discharge, by complying with certain well-defined provisions. The defendant company, having notified the plaintiff that his services were no longer required, and having stopped his pay, was not under any further duty as to notice. The contract does not so provide, and the plaintiff can not say he has been defrauded because he had no notice of a discharge. Under the terms of the contract it was his duty to act within five days. He waited eight years. His right of action is and should be barred by the statute of limitations.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*