## 42966. LEWIS v. DRAKE et al.

DEEN, Judge. This is a slip and fall case in which the defendant's motion for summary judgment was denied. The plaintiff, who alleged that her feet slipped out from under her as she entered the defendant's dress shop on a rainy day, contended that the defendant was negligent in maintaining a dangerous entranceway in that it was inclined downward, covered with glossy multicolored tile and insufficiently lighted, constituting a deceptive condition and trap; in failing to install material providing sufficient footing to permit safe passage; in failing to provide rails or banisters and failing to warn plaintiff of the defective condition of the entrance. The plaintiff testified by deposition, however, that the store and entrance were adequately lighted, that her attention was beguiled by the store window displays, that she did not notice the incline which sloped gently downward for about 4 feet, that it had been raining outside, and that her feet simply slipped out from under her. There was nothing on the floor to cause her to fall so far as she observed at the time or could ascertain from a cursory observation afterward, although at the latter time she was admittedly shaken and made no close inspection. There was a rubber mat in a corner of the room and one of the employees asked who had removed it. As to why she fell, she testified: "Q. Do you know how you came to fall? A. Not really. Q. You don't know what caused you to fall? A. Not really. Q. Do you think walking across a wet sidewalk may have had something to do with it or not? A. I really and truly couldn't say for sure. I don't know what actually caused it. It could have been this was some factor in it: I really couldn't say. I simply don't know."

It is urged that *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731 (149 SE2d 527) sustains the ruling of the trial court here. The cases are similar in that in both the plaintiff, who slipped and fell in the defendant's store, admitted that she was not looking where she was going, but this is an aspect of the case dealing with whether the plaintiff has exercised ordinary care for her own safety. The proof is defective in the same manner as in *Dykes v. Hammock*, 116 Ga. App. 389 (157 SE2d 524) and similar cases, not that it appears that the plaintiff's negligence caused the mishap but that it does not appear that the

defendant's negligence was in fact the proximate cause. In *Chotas* there was positive testimony that the plaintiff's heel caught in a defect in a rubber mat. Here the fall is unexplained, and it cannot be said that negligence of the defendant, if any there was, was a contributing proximate cause. A slight difference between floor levels is not usually in and of itself negligent construction. *Pilgreen v. Hanson,* 89 Ga. App. 703, 707 (81 SE2d 18); *Stowe v. Gallant-Belk Co.,* 107 Ga. App 80 (3) (129 SE2d 196). As to wax on the floor, interrogatories to the defendant did not establish that any wax had been used, and the plaintiff testified: "There was nothing on the floor that I saw then, not that I can recall, nothing wrong with the floor other than the fact that it had a slight slope." The defendant's answers to a question concerning the mat was that it was occasionally used, but on the outside of the doorway rather than on the inside. "Where from the same proof there are two or more plausible explanations or theories of causation as to how an event happened or what produced it, and where the evidence is without selective application to any one of them, they remain conjectures only, and a finding of fact based upon conjectures merely cannot be upheld." *Southern Grocery Stores v. Greer,* 68 Ga. App. 583 (2) (23 SE2d 484). A fortiori, where no theory of causation at all is established by the evidence there can be no recovery. The trial court erred in overruling the defendant's motion for summary judgment.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

ARGUED JUNE 30, 1967—DECIDED NOVEMBER 1, 1967.

*Long, Weinberg & Ansley, John K. Dunlap, Ben L. Weinberg, Jr.,* for appellant.

*Hurt, Hill & Richardson, Robert L. Todd, Arnold Wright, Jr.,* for appellees.