## 51038. RHODES v. LEVITZ FURNITURE COMPANY et al.

MARSHALL, Judge.

This is an appeal by the plaintiff from the granting of a summary judgment in favor of the corporate defendant, Levitz Furniture Company, and individual defendants Ray Betka, Freeman Kellam and Ed Pyne.

Appellant Rhodes filed a complaint for damages in Fulton Superior Court arising from his discharge from employment at the South Atlanta store of Levitz. Rhodes was employed by Levitz as a floor salesman in 1971 on an oral contract providing for a $94 weekly minimum and sales commissions up to any amount. He worked for approximately eighteen months in the North Atlanta store and about eighteen additional months in the South

Atlanta store. Following several disputes with the sales manager, defendant Freeman Kellam, he became embroiled in an argument with Kellam, assistant sales manager Ray Betka and store manager, Ed Pyne, concerning the splitting of a sales commission with another salesman. The dispute arose after Rhodes showed a certain customer articles of furniture, and the customer informed Rhodes that he did not have sufficient money at the time to make the desired purchases but that he would return the next day to complete the purchase. The next day, a Monday, the customer telephoned Rhodes at home, Rhodes having the day off, and the customer informed Rhodes that he had the necessary money and would meet Rhodes in the store to complete the purchase. The customer arrived before Rhodes, waited a short period, and then agreed to be waited upon by another salesman provided the two salesmen would split the commission. Before the completion of the transaction, Rhodes arrived and took over the sales transaction. Levitz' policy provided that when a customer returned and is waited on by a second salesman, the first salesman and the second salesman are to split the sales commission. On this occasion, when Kellam, the sales manager, informed Rhodes that the commission would be split, Rhodes became angry and upset and protested the splitting of the commission to Pyne, the store manager. Pyne told Rhodes to return home and come back the next day after he had cooled off. Rhodes came back the same evening and examined the sales records and noted that there was a split commission indicated for the transaction in question. On seeing the split commission designated, Rhodes became angry and allegedly called Ray Betka, assistant sales manager, a liar and allegedly used profane and demeaning language towards Kellam, the sales manager, in the presence of other employees and customers. The following day store manager Pyne fired Rhodes. Three weeks after his discharge, Rhodes was reinstated to work at the North Atlanta store by Mr. Bulkan, the area manager, who stated that "I will overrule" the other supervisors. Rhodes returned to work at the North Atlanta store but was later discharged for poor sales performance. All defendants made motions for

summary judgment, and after a hearing, the trial court granted defendants' motions and dismissed plaintiff's complaint as to all defendants. Appellant Rhodes appeals the granting of the motion for summary judgment.

Appellant enumerates as error the granting of defendants' motions for summary judgment. He asserts the following grounds as error in the granting of the summary judgment: first, defendant Levitz has not pierced the allegation of the complaint that it was negligent in hiring the three individual defendants; second, appellant has alleged that defendants Kellam, Betka and Pyne, maliciously and without cause wrongfully procured his discharge from his employment and this theory was not negated by the evidence produced; third, there are factual issues concerning appellant's discharge which should have been submitted to a jury. *Held:*

1. Appellant contends that defendant Levitz has not pierced the allegation in the complaint, that Levitz was negligent in hiring the three individual defendants. This contention is unsupported for several reasons. First, the record is devoid of proof to support the contention of negligent hiring of the three individual defendants. Discounting the fact that the record reveals that all three of these individual defendants were employees of long standing with Levitz, appellant relies solely on his unsupported opinion to the effect that "they just weren't qualified. . . they did not know how to handle men, . . ." "Affidavits containing mere legal conclusions and allegations which would not be admitted into evidence present no issues of fact on a motion for summary judgment." *Cooper v. Brock,* 117 Ga. App. 501, 503 (161 SE2d 75).

Second, it is elementary that before any negligence, even if proven, can be actionable, that negligence must be the proximate cause of the injuries sued upon. *Lewis v. Drake,* 116 Ga. App. 581 (158 SE2d 266); *Davis v. Aiken,* 111 Ga. App. 505 (142 SE2d 112); *Crankshaw v. Piedmont Driving Club, Inc.,* 115 Ga. App. 820 (156 SE2d 208).

As stated in Code § 105-2008: "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate

largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer." In this case the relationship between the alleged negligent hiring of the appellees by Levitz many years before appellant's termination of employment is too remote to afford a basis for relief and lacks the critical ingredient of proximate relationship to the injury allegedly sustained. The appellant does not make a pretext of showing proximate relationship between the alleged but unproven negligent hiring of the individual appellees and appellant's subsequent discharge.

Third, since it was undisputed that appellee Levitz had the authority to discharge appellant, and each of the individual appellees had the authority to discharge appellant, without cause, since his employment was terminable at will, any further inquiry is foreclosed. Code § 66-101 provides, in pertinent part, that "[a]n indefinite hiring may be terminated at will by either party." It is undisputed that appellant was hired for an indefinite period. There are numerous cases decided by this court upholding the right of an employee to terminate an indefinite hiring at will. *Land v. Delta Air Lines,* 130 Ga. App. 231 (203 SE2d 316); *Wilkinson v. Trust Co. of Ga. Associates,* 128 Ga. App. 473, 474 (197 SE2d 146).

2. Appellant also contends that the individual defendants, Kellam, Betka and Pyne, maliciously and without cause wrongfully procured his discharge from his employment and that this theory has not been negated by the evidence. The record simply does not support appellant as to this contention. The evidence is uncontradicted that there was no conspiracy to discharge appellant. Further, there is no evidence that either appellee Betka nor appellee Kellam even recommended to appellee Pyne that Pyne discharge or otherwise reprimand appellant. Appellant admitted in his deposition that he had no evidence as to any such recommendation. There is no dispute in the record that all three of the individual appellees had the authority to discharge appellant on behalf of defendant Levitz, since these individuals held the positions of assistant sales manager, sales manager, and branch manager, and were authorized to exercise dismissal authority. The Georgia

courts have repeatedly held that Code § 105-1207 has no application in instances in which the persons who allegedly procured the employee's discharge had the authority to discharge the employee. See *Funk v. Baldwin,* 80 Ga. App. 177 (55 SE2d 733); *Lambert v. Georgia Power Co.,* 181 Ga. 624, 628 (183 SE 814). In *Lambert,* the court said: "The averment of a conspiracy in the declaration does not ordinarily change the nature of the action nor add to its legal force or effect. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done wrongfully. Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy. " (Cits.) Applying this rule to the facts of the case at bar, even if appellees Pyne, Betka and Kellam had all participated in procuring the discharge of appellant (as to which contention there is no evidence in the record) there would be no basis for a suit. The principle stated in the *Lambert* case was reiterated in *Campbell v. Carroll,* 121 Ga. App. 497 (174 SE2d 375). In that case, this court noted that in cases where an employment contract was terminable at will, an action for conspiracy to unlawfully persuade an employer to breach the contract with the employee could be maintained, if at all, only where the party had no authority to discharge the employee. In that case, the plaintiff was not allowed to pursue his case, even if the evidence had shown that the defendants procured his discharge, since the defendants in that case had the authority to discharge the plaintiff.

3. Appellant contends that there are issues of fact which require this case be submitted to a jury for its determination. The record simply fails to support this contention of appellant. Although there may be minor contradictions in the evidence presented, none of the contradictions has any bearing on any of appellant's theories of recovery. As an example, whether or not appellant actually used profanity in the presence of customers in appellee Levitz' store is immaterial, since the individual appellees involved had authority to discharge appellant from his employment.

There being no genuine issue of fact and the appellees being entitled to judgment as a matter of law, the judgment of the trial court is affirmed.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED NOVEMBER 12, 1975.

*Paul S. Liston,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Stuart Eizenstat,* for appellees.