53354. CLARK v. PRENTICE-HALL, INC. et al.

SHULMAN, Judge.

James Clark was employed as a salesman for Prentice-Hall, Inc. After more than two years of employment his supervisor, defendant Parker, fired him. Defendant Arnold, a Prentice-Hall employee who previously held Clark's position was reinstated in that job. Clark brought suit against these three defendants in four counts. The first count alleged that Parker and Arnold had conspired to have Clark discharged and replaced by Arnold. Count 2 alleged that Prentice-Hall approved and sanctioned this conspiracy and thereby became a part of it. The third count was for breach of the employment contract resulting from the conspiracy and the fourth count was for punitive damages. Prentice-Hall and Parker moved for summary judgment on the theory that the employment relation was terminable at will. The motion was granted and this appeal followed. Arnold did not move for summary judgment and remains a defendant

in the case.

1. The facts concerning the plaintiff's employment relation with Prentice-Hall are not in dispute. Giving those facts all inferences favorable to the plaintiff they point to only one conclusion, that as a matter of law the plaintiff's contract of employment was indefinite and was, under Code Ann. § 66-101, terminable at will by either party. *Lambert v. Ga. Power Co.,* 181 Ga. 624 (1) (183 SE 814). See *Land v. Delta Air Lines, Inc.,* 130 Ga. App. 231 (203 SE2d 316). Where a plaintiff's employment is terminable at will, the employer "with or without cause and regardless of its motives, may discharge the employee without liability. *Elliott v. Delta Air Lines, Inc.,* 116 Ga. App. 36 (156 SE2d 656) and cit." *Wilkinson v. Trust Co. of Ga. Associates,* 128 Ga. App. 473, 474 (197 SE2d 146).

2. In *Lambert v. Ga. Power Co.,* 181 Ga. 624, 628, supra, the Supreme Court held that "Granting that the allegations of the plaintiff are sufficient to sustain the conclusion of conspiracy, there could be no actionable conspiracy growing out of the exercise, in a lawful manner, of the legal right to discharge the plaintiff." Furthermore, quoting from a decision of the Court of Appeals, the Supreme Court said, " 'The averment of a conspiracy in the declaration does not ordinarily change the nature of the action nor add to its legal force or effect. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done wrongfully. Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy.' *Woodruff v. Hughes,* 2 Ga. App. 361 (58 S.E. 551)." 181 Ga. p. 628. See *Campbell v. Carroll,* 121 Ga. App. 497, 500 (1) (174 SE2d 375) where we held that "a conspiracy to effect what one has a legal right to accomplish is not actionable, . . ." See *Higginbotham v. Harden,* 137 Ga. App. 143 (1) (223 SE2d 156); *Rhodes v. Levitz Furniture Co.,* 136 Ga. App. 514 (2) (221 SE2d 687).

These decisions make it clear that even though the plaintiff may or may not have an action against another (see *King v. Schaeffer,* 115 Ga. App. 344 (1) (154 SE2d 819) and *Ott v. Gandy,* 66 Ga. App. 684 (1) (19 SE2d 180)), no

such action is maintainable against either Prentice-Hall, his employer, or Parker, who the undisputed facts show had the employer's authority to discharge the plaintiff. See *Funk v. Baldwin,* 80 Ga. App. 177, 180 (1) (55 SE2d 733).

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 25, 1977.

*Scheer & Elsner, Robert W. Breslin,* for appellant.
*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., William H. Kitchens,* for appellees.