## 54380. McELROY v. WILSON et al.

BIRDSONG, Judge.

Appellant filed a complaint for damages in the Superior Court of Fulton County, alleging that she was tortiously discharged from her employment as supervisor-housekeeper at Grady Memorial Hospital.

From the grant of summary judgment in favor of appellees (appellant's superiors at Grady Hospital), this appeal was brought. Seventeen enumerations of error were set forth, all of which relate to the propriety of the grant of summary judgment in favor of appellees. *Held:*

1. Analysis of appellant's prolix and repetitive enumerations of error reveals that all but two attack the grant of summary judgment in favor of the appellees on the ground that the evidence demanded the grant of summary judgment in favor of appellant. By implication, appellant presumably contends that genuine issues of fact were presented.

An examination of appellant's complaint, as well as the amendment thereto, reveals neither a "short and plain statement of the claim showing the pleader is entitled to relief" nor "simple, concise, and direct" averments in support of appellant's pleadings, as required by Code Ann. § 81A-108 (a) and (e). Nevertheless, we have attempted to discern the legal ground upon which appellant's claim was based in an effort to determine whether the trial court erred in granting summary judgment in favor of the appellees. The gravamen of the action appears to be that appellees conspired and unlawfully caused the termination of appellant's employment at Grady Memorial Hospital.

"In the consideration of the wilful and malicious procurement of a breach of an employment contract (see Code §§ 105-1401 and 105-1207), there are two categories of cases: (1) where there is a definite term of employment and the corporation or employer by discharging an employee would be liable for the breach of the employment contract — as exemplified in *Wrigley v. Nottingham,* 111 Ga. App. 404, 407 (141 SE2d 859), reversed in part in *Nottingham v. Wrigley,* 221 Ga. 386 (144 SE2d 749); (2) where, even though the contract is terminable at will, a party with no authority to discharge the employee, being activated by an unlawful scheme or purpose to injure and damage him, maliciously and unlawfully persuades the employer to breach the contract with the employee. *Ott v. Gandy,* 66 Ga. App. 684, 687 (19 SE2d 180). See *Bromley v. Bromley,* 106 Ga. App. 606, 613 (127 SE2d 836); and *King v. Schaeffer,* 115 Ga. App. 344

(1) (154 SE2d 819)." *Campbell v. Carroll,* 121 Ga. App. 497, 498 (174 SE2d 375), affd. 226 Ga. 700.

The evidence is uncontroverted, and appellant herself stated, in an affidavit in support of her motion for summary judgment, that she was "never furnished any written contract of employment and none was required by said Hospital when [she] was employed." "In the absence of a controlling contract between the parties, employment for an indefinite period — a 'permanent job' — is terminable at the will of either party, and a discharge in such circumstances affords no cause of action for breach of contract." *Land v. Delta Air Lines,* 130 Ga. App. 231 (203 SE2d 316) and cits. "Where a plaintiff's employment is terminable at will, the employer 'with or without cause and regardless of its motives, may discharge the employee without liability. *Elliott v. Delta Airlines, Inc.,* 116 Ga. App. 36 (156 SE2d 656) and cit.' *Wilkinson v. Trust Co. of Ga. Assoc.,* 128 Ga. App. 473, 474 (197 SE2d 146)." *Clark v. Prentice-Hall, Inc.,* 141 Ga. App. 419, 420 (233 SE2d 496). As appellant's employment was terminable at will and the evidence clearly shows that appellant was discharged by one who had the authority to do so, her lengthy allegations as to improper motive for firing and improper method of processing her grievance of same are legally irrelevant and present no genuine issues of material fact. See *Rhodes v. Levitz Furniture,* 136 Ga. App. 514 (3) (221 SE2d 687).

2. The only remaining legal theory upon which appellant could premise an action against appellees is that described in category (2) of Division 1 above. As stated in *Lambert v. Ga. Power Co.,* 181 Ga. 624, 628 (183 SE 814): " 'The averment of a conspiracy in the declaration does not ordinarily change the nature of the action nor add to its legal force or effect. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done wrongfully. Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy'." Accord, *Clark v. Prentice-Hall, Inc.,* supra; *Campbell v. Carroll,* supra. Thus, a "conspiracy" to effect what one has

a legal right to accomplish is not actionable. *Campbell v. Carroll,* supra; *Elliot v. Delta Air Lines,* 116 Ga. App. 36, supra.

"On motion for summary judgment, the party opposing the motion may not rely on mere allegations or denials in his pleadings, but must set forth specific facts showing there is a genuine issue for trial." *Burgess v. Clermont Properties,* 141 Ga. App. 112 (232 SE2d 627). "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." *Ussery v. Koch,* 115 Ga. App. 463 (1a) (154 SE2d 879). "When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury." *Floyd v. Colonial Stores,* 121 Ga. App. 852, 856 (156 SE2d 111).

This court recognizes that questions of conspiracy are ordinarily for the jury. *Hodges v. Youmans,* 129 Ga. App. 481 (200 SE2d 157). However, the evidence shows that appellant stated that she had absolutely no factual basis upon which to predicate her charge of conspiracy, as well as that she was unable to adduce any evidence whatsoever even tending to show the existence of a conspiracy. Depositions of appellee clearly demonstrate the complete absence of concert or even improper persuasion on the part of any appellee. In fact, several appellees were unaware of appellant's dismissal until after the fact, and one appellee was, prior to the commencement of the grievance process, unaware of appellant's existence. The evidence shows that appellant simply named as a defendant every person who was in any way related to her employment, and, without any factual basis for doing so, alleged that they had wrongfully conspired to terminate her employment. On the evidence presented, this contention cannot stand.

Scrutinizing the affidavits of the movant (appellee) and granting every indulgence to the affidavits of the opposing party, we find that ". . . the evidence introduced by the movant has pierced the pleadings and discloses the absence of a right of recovery. [Cits.]" *Tingle v. Arnold,*

*Cate & Allen,* 129 Ga. App. 134, 136 (199 SE2d 260). The grant of summary judgment in favor of appellees was not error.

3. Appellant contends that the trial court's denial of appellant's motion for summary judgment was error. For the reasons stated above, this contention is without merit.

4. Appellant contends, on the basis of an ex parte out-of-court "conversation" with the trial judge that said judge's grant of appellees' motion for summary judgment was based upon improper application of the law of this state, and was, therefore, a "mistake." The analysis of Divisions 1 and 2 renders this enumeration of error meritless.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED OCTOBER 25, 1977 — REHEARING DENIED NOVEMBER 16, 1977 — 

*G. Seals Aiken, John L. Respess, Jr.,* for appellant.
*Jones, Bird & Howell, David A. Rammelkamp, Earle B. May, Jr.,* for appellees.