### 58593. WILLIAMS v. TRAVELERS INSURANCE COMPANY et al.

SOGNIER, Judge.

This appeal is from denial of compensation under the Workers' Compensation Act by the administrative law judge, the full workers' compensation board and the Superior Court of Coweta County. Williams contends a left hip replacement was necessitated by an injury occurring when she was crushed between a saw table and

a buggy (for loading material) while she was working at the William L. Bonnell Company on the night of October 22, 1976. The administrative law judge found there was no notice given to the employer as required by law; that Williams did not follow the accident reporting procedures at the time of the alleged injuries; and that Williams' total hip replacement was necessitated by deteriorating disease process — osteoarthritis — not by any injury she may have received on October 22, 1976 while at work. Williams enumerates six errors, but Enumerations 3 through 6 are not supported by citation of authority or argument in her brief. Accordingly, they are treated as abandoned pursuant to Rule 15 (c) (2) of this court (Code Ann. § 24-3615 (c)(2)).

1. In Enumeration 1, Williams contends the administrative law judge erred by ruling that Williams did not give proper notice of her injury to her employer. We agree, as Williams testified she notified her foreman of the injury the day following the accident. Her testimony is undisputed, and Code Ann. § 114-303 requires that notice of an accident shall be given by an injured employee or his representative to "the employer, his agent, representative, or *foreman*" of the injured employee. (Emphasis supplied.) As Williams notified her foreman of the injury the day following the accident, she clearly met the requirements of § 114-303 and it was error for the administrative law judge to find that claimant did not give notice to her employer as required by law. However, the error is harmless, in light of the holding in Division 2.

2. In regard to Enumeration 2, the administrative law judge found that claimant sustained an injury by accident on October 22, 1976, but the injury did not cause the disease process or contribute to the necessity for the hip replacement. The evidence was more than sufficient to support this finding. Accepting the fact that Williams was injured at work on October 22, 1976 there is no evidence that the injury contributed in any way to the necessity for her total hip replacement. The evidence indicated that the hip replacement was necessitated by a deteriorating disease process — osteoarthritis. Williams requested medical leave because of personal illness; she signed a group hospitalization claim form indicating that the

claim was not based on an accident and the injury was not work-related; she made several visits to her doctor after the accident and never mentioned the injury or a hip problem; and the doctor performing the hip operation on Williams found no evidence of injury. Thus, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED OCTOBER 15, 1979 — DECIDED FEBRUARY 13, 1980.

*Joseph Jones, Jr.,* for appellant.
*John W. Winborne, III,* for appellees.