60242. ANDRESS et al. v. AUGUSTA NURSING FACILITIES, INC. et al.

SMITH, Judge.

Appellants James Andress and his wife Charlene were employed as administrator and dietician respectively by Augusta Nursing Facilities, Inc. d/b/a Pleasant Home Nursing Home. On September 1, 1978 appellants were fired by appellee Robert Wagner, then president of Augusta Nursing Facilities. In their complaint filed April 2, 1979 appellants charged that appellees had directed and requested that they violate certain state and federal nursing home regulations, that appellees had wilfully, wantonly and maliciously "conspired" to cause appellants to be terminated from their positions with the nursing home, and that they had been caused to suffer "embarrassment, shame, humiliation, scorn, damage to their reputations, derision from their associates, friends and other business contacts." Appellants contended that they were entitled to damages since they had not been able to secure employment in their chosen professions as a result of appellees' actions. The trial court found that this action was controlled by the case of *Ga. Power Co. v. Busbin,* 242 Ga. 612 (250 SE2d 442) (1978) and granted appellees' motion for summary judgment and dismissed appellants' complaint. We affirm in part and reverse in part.

1. Appellants admitted that their employment at the nursing home was terminable at will by their employer and that they had no written employment contract. Moreover, they were fired by the president of the company. See *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (3) (94 SE2d 736) (1956). " 'Where a plaintiff's employment is terminable at will, the employer "with or without cause and regardless of its motives, may discharge the employee without liability. [Cits.]" ' *Clark v. Prentice-Hall, Inc.,* 141 Ga. App. 419, 420 (233 SE2d 496). As [appellants'] employment was terminable at will and the evidence clearly shows that appellant[s] [were] discharged by one who had authority to do so, [their] lengthy allegations as to

improper motive for firing . . . are legally irrelevant and present no genuine issues of material fact." *McElroy v. Wilson,* 143 Ga. App. 893, 895 (240 SE2d 155) (1977); *Ga. Power Co. v. Busbin,* supra.

2. On November 20, 1979, the date set for hearing appellees' motion for summary judgment, appellants amended their complaint by additionally asserting that appellees had conspired to cause James Andress' signature to be forged on a September, 1977 report filed by the nursing home. Appellants contended that this report was part of a scheme to obtain greater medicaid monies from the state and federal governments than the nursing home would otherwise have been entitled and that as a result, James Andress had been exposed to criminal investigation and the threat of prosecution.

In its order dated March 14, 1980, the trial court held, ". . . [A]fter review of the pleadings . . . and after argument of counsel, it appears to this court that the plaintiffs were employees, terminable at will, of the Defendant [nursing home] and . . . that this employment relationship is dispositive of the issues raised in Defendant's motion for summary judgment . . . " The trial court then dismissed the complaint.

For the reasons set forth in Division 1 of this opinion, the trial court properly granted summary judgment against appellants' claim for damages stemming from the termination of their employment. However, appellants' amendment sets forth an entirely separate cause of action — damages resulting from the forgery of James Andress' signature on an allegedly incorrect report filed with state and federal government agencies. ". . . [A]mended pleadings filed after the summary judgment hearing but before the rendition of the judge's order are to be considered in passing on the motion for summary judgment." *Haskins v. Jones,* 142 Ga. App. 153, 154 (3A) (235 SE2d 630) (1977). Although it should properly have been stated in a separate count (CPA § 10 (b); Code Ann. § 81A-110 (b)), the trial court erred in dismissing appellants' complaint insofar as it related to the cause of action set forth by the amendment to the pleadings. *Moore v. Wachovia Mtg. Co.,* 138 Ga. App. 646 (1) (226 SE2d 812) (1976); see *Henderson Mill Ltd. v. McConnell,* 237 Ga. 807 (2) (229 SE2d 660) (1976).

3. Appellants' remaining enumerations of error are without merit.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JULY 1, 1980 — DECIDED NOVEMBER 19, 1980 —
REHEARING DENIED DECEMBER 9, 1980 —

*William R. McCracken,* for appellants.
*Warren C. Grice, Philip T. Raymond, III,* for appellees.