61124. STORM SYSTEMS, INC. v. KIDD.

SHULMAN, Presiding Judge.

Appellant-defendant brings this appeal from a verdict and judgment awarding appellee-plaintiff $24,420 on his claim for breach of express and implied warranties covering certain equipment

manufactured by appellant. We affirm.

1. Appellant is a Minnesota corporation and enumerates as error the trial court's denial of its motions to dismiss for lack of personal jurisdiction and for improper venue. We find no error.

The record in this case clearly establishes that appellant manufactured the equipment in question in Minnesota and shipped the equipment directly to Carroll County to be sold there to purchasers planning to install and utilize the equipment in Carroll County. The facts are undisputed that after having purchased the equipment, appellee installed and maintained the equipment on his premises in Carroll County. Under those circumstances, there is no question that both jurisdiction and venue in this action properly lay in the Superior Court of Carroll County. See *Jet America v. Gates Learjet Corp.,* 145 Ga. App. 258 (243 SE2d 584). Appellant's arguments to the contrary are without merit.

2. In its third enumeration, appellant contends that the trial court erred in denying its motion to dismiss for insufficiency of process. Appellant argues that service of process in this case was perfected through the mail. The record contains undisputed evidence that appellant's vice president was personally served with appellee's complaint in this action. Appellant's third enumeration is specious, at best.

3. Appellant next enumerates as error the trial court's denial of its motion to dismiss appellee's complaint for failure to state a claim upon which relief could be granted. In support of its five enumerations on this point, appellant raised contractual issues pertaining to the original warranty covering the subject equipment and the alleged lack of privity of contract between appellant and appellee. We find no merit in any of these issues.

"When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, 'the new rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.' [Cits.]" *Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489 (181 SE2d 377).

Appellant has failed to demonstrate that appellee's complaint did not state a claim upon which relief could have been granted *under any state of provable facts.* See *Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260). As a result, we find no error in the trial court's denial of appellant's motion to dismiss appellee's complaint.

4. Appellant further contends that the trial court erred in

denying its motion for summary judgment. After trial and a verdict which is supported by the evidence (see Division 12, infra), this court will not reverse the judgment of the trial court denying appellant's motion for summary judgment. *Melton v. Bow,* 145 Ga. App. 272 (5) (243 SE2d 590).

5. In its next five enumerations of error, appellant argues that the trial court committed reversible error in overruling its objections to the introduction of certain testimony of appellee and his witnesses. We find no merit in any of appellant's arguments in this regard. The testimony given by appellee and his witnesses was relevant to the issues being tried in this case. The proper foundations were laid before opinion testimony was elicited from any of the witnesses. Appellant's objections to the proffering of testimony on behalf of appellee were properly overruled.

6. Appellant next enumerates as error the ruling of the trial court permitting appellee to call a hostile witness for the purpose of asking that witness leading questions. However, appellant has failed to cite any authority in support of this argument and has not otherwise demonstrated in any way that the trial court abused its statutory discretion in granting appellee's request pursuant to the provisions of Code Ann. § 38-1706.

7. In enumerations of error 17 and 18, appellant asserts error in the ruling of the trial court permitting, over appellant's objections, the introduction of four of appellee's exhibits into evidence. Once again, appellant has cited no supporting authority for the vague and conclusory arguments advanced in these enumerations. As a result, no harmful error has been demonstrated in the subject ruling of the trial court.

8. The trial court correctly denied appellant's motion for a directed verdict. Appellant's contentions of error in this regard simply restate arguments presented in preceding enumerations and, thus, do not require separate discussion.

9. Appellant next contends that the trial court erred in giving nine of the charges requested by appellee. In nine separate enumerations, appellant argues that the subject charges were misleading, legally invalid, harmfully repetitious, and not authorized by the evidence presented during the trial of this case. We disagree. Each charge was properly adjusted to the facts of this dispute and contained correct statements of the law of this state. Appellant's conclusory arguments to the contrary are wholly unpersuasive.

10. In eight enumerations, appellant asserts error in the failure of the trial court to give eight of its requested charges. We have reviewed each of these charges and conclude that the trial court did not err in refusing to give the charges. The charges were vague and, in

many instances, improperly adjusted to the facts of this case. Moreover, one of the subject charges was actually given by the trial court, and several others were based upon a count of appellee's complaint which appellee voluntarily withdrew. Each of appellant's enumerations complaining of the trial court's failure to give its requested charges is patently without merit.

11. Appellant further complains of the giving of five charges by the trial court concerning express warranties, privity of contract, and damages. Appellant has failed to support these enumerations with argument or citation of authority. As a result, the enumerations will be treated as abandoned pursuant to Rule 15 (c) (2) of this court (Code Ann. § 24-3615 (c) (2)). See *Williams v. Travelers Ins. Co.*, 153 Ga. App. 443 (265 SE2d 354).

12. In his final five enumerations, appellant argues the general grounds. We have reviewed the record in this case and found that it contains ample evidence supporting the jury's verdict. The general grounds therefore have no merit. See *Weatherspoon v. K-Mart Enterprises of Ga., Inc.*, 149 Ga. App. 424 (5) (254 SE2d 418).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 13, 1981 —

*James H. Bone,* for appellant.
*Thomas E. Greer,* for appellee.