63185. HALL v. ANSWERING SERVICE, INC. et al.

CARLEY, Judge.
Hall, plaintiff below, instituted the instant action seeking recovery for compensatory and punitive damages against the corporate defendant and two of its agents. The action was predicated on claims of wrongful termination of employment and slander. From the grant of summary judgment in favor of all defendants on both counts, plaintiff brings this appeal.

1. Apparently conceding that the statute of limitations, Code Ann. § 3-1004, barred any claims she may have had for slander, plaintiff neither argues nor enumerates as error the grant of summary judgment as to this issue.

2. With respect to the claim based upon wrongful discharge from employment, the uncontroverted evidence submitted on summary judgment shows the following: The only written documents comprising the employment contract between plaintiff and the corporate defendant are silent as to the duration of plaintiff's employment. There are no other agreements relative to the duration of plaintiff's emloyment. The individual defendant who discharged plaintiff was acting within the scope of her employment with the corporate defendant and had the authority to so act without prior approval of her superiors. See *Ga. Power Co. v. Busbin,* 242 Ga. 612 (2) (250 SE2d 442) (1978), reversing 145 Ga. App. 438 (244 SE2d 26)

(1978), on remand, 149 Ga. App. 274 (254 SE2d 146) (1979).

"Giving those facts all inferences favorable to the plaintiff they point to only one conclusion, that as a matter of law the plaintiff's contract of employment was indefinite and was, under Code Ann. § 66-101, terminable at will by either party. [Cits.] Where a plaintiff's employment is terminable at will, the employer 'with or without cause and regardless of its motives, may discharge the employee without liability. [Cits.]'" *Clark v. Prentice-Hall, Inc.,* 141 Ga. App. 419, 420 (1) (233 SE2d 496). "As appellant's employment was terminable at will and the evidence clearly shows that appellant was discharged by one who had the authority to do so, her lengthy allegations as to improper motive for firing . . . are legally irrelevant and present no genuine issues of material fact." *McElroy v. Wilson,* 143 Ga. App. 893, 895 (240 SE2d 155) (1977); *Ga. Power Co. v. Busbin,* supra. Accord, *Andress v. Augusta Nursing Facilities,* 156 Ga. App. 775 (1) (275 SE2d 368) (1980).

Accordingly, the trial court correctly granted summary judgment in favor of all defendants.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MARCH 16, 1982 —
REHEARING DENIED MARCH 31, 1982.

*Russell L. Adkins, Jr.,* for appellant.
*Toby B. Prodgers,* for appellees.