## 66675. NELSON v. M & M PRODUCTS COMPANY et al.

BANKE, Judge.

Plaintiff/appellant brought this action against his former employer M & M Products, as well as two of its supervisory personnel, alleging breach of his employment contract, conspiracy, and slander. This appeal is from an order of the trial court granting summary judgment to the corporate defendant, M & M, on all counts. The other defendants are not parties to this appeal.

The appellant entered M & M's employment as its plant manager in late 1979 and was terminated in October 1981 for insubordination, unexcused absences, and incompatibility. The appellant contends that his contract entitled him to employment until age 65, a period of 20 years, 5 months, and 8 days, absent a discharge for cause.

1. The law is clear in this state that in the "absence of a controlling contract between the parties, employment for an indefinite period—a 'permanent job'—is terminable at the will of either party, and a discharge in such circumstances affords no cause of action for breach of contract. [Cits.]" *Land v. Delta Air Lines,* 130 Ga. App. 231 (203 SE2d 316) (1973). The appellant recognizes the need for his contract to be in writing to comply with the statute of frauds. See OCGA § 13-5-30 (5) (Code Ann. § 20-401). However, the

documents relied upon by the appellant to establish a written contract merely set forth certain policies and information concerning his employment and can in no way be interpreted as parts of a written contract governing the length of his employment. See *American Standard, Inc. v. Jessee,* 150 Ga. App. 663 (1) (258 SE2d 240) (1979). The appellant's employment in this case was clearly for an indefinite period. "[I]n the absence of a controlling contract, 'permanent employment,' 'employment for life,' 'employment until retirement' is employment for an indefinite period, terminable at the will of either party, which gives rise to no cause of action against the employer for alleged wrongful termination." *Ga. Power Co. v. Busbin,* 242 Ga. 612, 613 (250 SE2d 442) (1978).

2. The allegation that the corporation conspired to cause appellant's wrongful discharge was also properly resolved against him. Under Georgia law, "[a] 'conspiracy' to effect what one has a legal right to do is not actionable." *Goodroe v. Ga. Power Co.,* 148 Ga. App. 193 (2) (251 SE2d 51) (1978); *Grace v. Roan,* 145 Ga. App. 776 (245 SE2d 17) (1978).

3. Finally, the grant of summary judgment with respect to the slander claim was also proper. "In the seminal case of *Behre v. Nat. Cash Register Co.,* 100 Ga. 213 (27 SE 986) (1896), Justice Cobb writing for the Supreme Court announced the rule that a corporation will have no liability for the slanderous utterances of its agents or servants absent prior approval by the corporation." *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200, 201 (243 SE2d 565) (1978). In this case, as in *Ameron,* the affidavit of the appellee's president avers the lack of any such authorization. As this affidavit is unrebutted, the grant of summary judgment to the corporation was proper in all respects.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 15, 1983 —
REHEARING DENIED OCTOBER 4, 1983 — 

*Beverly B. Bates,* for appellant.
*Barry S. Mittenthal, Palmer H. Ansley, J. Rogers Lunsford, Stephen E. O'Day, James M. Hunter,* for appellees.