67362. WEST VIRGINIA GLASS SPECIALTY COMPANY, INC.
et al. v. GUICE & WALSHE, INC. et al.

CARLEY, Judge.

Appellees, alleging a tortious interference with their business, instituted the instant action against appellants. The evidence of record shows that appellee Guice & Walshe, Inc., d/b/a Willard J. Guice Company ("Guice Company") had served for a period of years as the area sales representative for appellant West Virginia Glass Specialty Company, Inc. ("West Virginia Glass"). Guice Company, which is headed by appellee Willard J. Guice, employed salesmen, two of whom were Donaldson and Leftwich. These two salesmen performed

most of the activities associated with the promotion of West Virginia Glass products, but had no ownership interest in Guice Company. After a time, West Virginia Glass, through its president, appellant John C. Weber, began to pressure Mr. Guice to make Donaldson and Leftwich partners in Guice Company. Negotiations to that end eventually failed, and Mr. Guice discharged Donaldson and Leftwich. West Virginia Glass immediately terminated Guice Company as its area sales representative. Donaldson and Leftwich formed their own company, which then replaced Guice Company as the area sales representative for West Virginia Glass.

Thereafter, appellees sued appellants, alleging among other things, that appellants had wrongfully interfered with the business of Guice Company and with Guice Company's relations with its employees. The complaint further alleged that appellants had conspired against appellees to interfere with their business, and that West Virginia Glass had breached a contract with Guice Company. A jury trial was held, and the jury found in favor of West Virginia Glass on the breach of contract claim. As to the claims for malicious interference with business and with employment relationships, the jury found in favor of Guice Company but awarded no damages. General damages of $300,000 were awarded on the counts alleging appellants' conspiracy to interfere with appellees' business. Additionally, punitive damages of $400,000 were awarded to Mr. Guice. Appellants appeal.

1. Appellants enumerate as error the trial court's denial of their motions for directed verdict. They assert that there was no conflict in the evidence, and that the evidence demanded a verdict in their favor.

From the evidence presented, the jury was authorized to find that there was no written contract between Guice Company and its two salesmen, Donaldson and Leftwich. Their employment was terminable at will. Nor was there a written agreement between Guice Company and West Virginia Glass. Guice Company acted as an independent contractor in its representation of West Virginia Glass products. However, that at will relationship was subject to the same principles as those governing employees and employers insofar as claims of malicious interference are concerned. *Architectural Mfg. Co. v. Airotec, Inc.*, 119 Ga. App. 245 (166 SE2d 744) (1969). Since an employment at will may generally be terminated at any time, Mr. Guice had the right to discharge Donaldson and Leftwich for any reason whenever he so chose. Likewise, West Virginia Glass had the right to cease doing business with Guice Company at any time and for whatever reason. Nonetheless, "even though a person's employment contract is at will, he has a valuable contract right which may not be unlawfully interfered with *by a third person.* [Cit.]" (Emphasis supplied.) *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (250 SE2d 442) (1978). See generally *Andress v. Augusta Nursing Facilities*, 156 Ga. App. 775 (1)

(275 SE2d 368) (1980).

The acts upon which appellees' claims of tortious interference were based were the demands made by appellants upon Mr. Guice to make Donaldson and Leftwich partners in Guice Company, and the actions taken in pursuit of those demands. However, the evidence does not support the contention that appellants' conduct constituted tortious third-party interference with appellees' business. The evidence shows that the alleged tortious interference consisted of no more than actions taken by appellants with regard to their *own* business relationship with appellees. Appellant Weber, in his capacity as president of West Virginia Glass, sought to compel a reorganization of Guice Company to give Donaldson and Leftwich an ownership interest. Weber's purpose in so doing was to promote continuity and to motivate sales of West Virginia Glass products. In the absence of an agreement to the contrary, appellants were not precluded from insisting that, as a condition of its continued employment, Guice Company be operated in whatever manner was deemed consistent with the subjective business goals of West Virginia Glass, and appellants had the right to terminate its employment of Guice Company when its operation was no longer deemed satisfactory to them for whatever reason. "Where a plaintiff's employment is terminable at will, the employer '*with or without cause and regardless of its motives, may* discharge the employee without liability. [Cits.]' " (Emphasis supplied.) *Clark v. Prentice-Hall, Inc.*, 141 Ga. App. 419, 420 (1) (233 SE2d 496) (1977). The evidence shows only business negotiations over the parties' continued relationship and the conditions thereof, the acceptance of which appellees found impossible and the rejection of which appellants found unacceptable. Appellees were free to reject the conditions and did so. Appellants were likewise free to terminate the relationship and did so. "It was not a tort merely to refuse to continue the business relationship with [appellees] where that relation was terminable at will." *Parks v. Atlanta News Agency*, 115 Ga. App. 842, 845 (156 SE2d 137) (1967).

Furthermore, appellants took no action relative to the employment of Donaldson and Leftwich which rose to the level of tortious interference. Donaldson testified that, prior to his discharge by Mr. Guice, appellants never represented to him that they would cease doing business with Guice Company and give their business to him and Leftwich. Nor did appellants encourage Donaldson and Leftwich to instigate a work slowdown or other acts of insubordination at Guice Company. The two salesmen were at will employees of Guice Company, and the decision to discharge them was freely made by Mr. Guice. The two salesmen were not recruited to represent West Virginia Glass independently until after their termination by Mr. Guice. Thus, "[t]here is no evidence of a solicitation with a purpose to harm or

damage the employer . . ." *Purcell v. Joyner*, 231 Ga. 85, 88 (200 SE2d 363) (1973). See generally *Orkin Exterminating Co. v. Martin Co.*, 240 Ga. 662 (242 SE2d 135) (1978).

2. " 'There is no liability for interference with a contractual relationship where the alleged interference is caused by the exercise of an absolute right.' [Cit.]" *J. C. Penney Co. v. Davis & Davis*, 158 Ga. App. 169, 171 (279 SE2d 461) (1981). Since appellants were not liable for unlawful interference with appellees' business or with appellees' employment relationships, they were not liable for a conspiracy to commit such unlawful interference. " ' "The averment of a conspiracy in the declaration does not ordinarily change the nature of the action nor add to its legal force or effect. The gist of the action is not the conspiracy alleged, but the tort committed against [appellees] and the damage thereby done wrongfully. Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy." [Cit.]' " *Clark v. Prentice-Hall, Inc.*, supra at 420. See also *Ga. Power Co. v. Busbin*, supra.

3. The evidence presented, together with all reasonable inferences therefrom, did not support appellees' claims, and the trial court should have granted appellants' motions for directed verdict. Since we have reached this conclusion, it is unnecessary to consider appellants' other enumerations of error.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 14, 1984 —
REHEARING DENIED MARCH 29, 1984 —

*William D. Smith, Robert M. Goldberg*, for appellants.
*Timothy D. Chambers, John W. Chambers, Sr., John W. Chambers, Jr.*, for appellees.