68964. JACOBS v. GEORGIA-PACIFIC CORPORATION.
(323 SE2d 238)

DEEN, Presiding Judge. ·

The appellant, Robbie Douglas Jacobs, commenced this action against the appellee, Georgia-Pacific Corporation, seeking damages for breach of an employment contract and fraud. The trial court granted summary judgment for the appellee, from which this appeal followed.

In April 1980, the employees at the appellee's plywood and studmill plant in Monticello went on strike. The appellee promptly initiated a campaign to hire replacements for the striking workers, including advertising job openings in the local newspaper and over local radio. These advertisements indicated that the hired applicants would be "permanent replacements" for the striking employees. On May 7, 1980, the appellant, in response to one of these advertise-

ments, applied for a job and was hired; after resigning from his other employment, he began working for the appellee on May 15, 1980. It appears that the appellee replaced its entire striking work force in this manner.

On June 6, 1980, however, the strike having been resolved, the appellee informed all of the new employees that they were all discharged because the striking workers were being returned to their jobs. In bringing this action, the appellant alleged that Georgia-Pacific had breached its agreement that the new employees would be permanent replacements for the discharged strikers and had fraudulently represented the permanent status of the new employees. The trial court granted summary judgment for the appellee, on the basis that the appellant had no cause of action under the termination at will doctrine. *Held*:

This case does not involve a written contract of employment between the appellant and the appellee. The Supreme Court and this court have repeatedly held that in the absence of such a controlling contract, " 'permanent employment,' 'employment for life,' 'employment until retirement' is employment for an indefinite period, terminable at the will of either party, which gives rise to no cause of action against the employer for alleged wrongful termination." *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (250 SE2d 442) (1978); *Nelson v. M & M Prods. Co.*, 168 Ga. App. 280, 281 (308 SE2d 607) (1983); *Land v. Delta Air Lines*, 130 Ga. App. 231 (203 SE2d 316) (1973). The rule in Georgia remains hard and fast that an employer is free to discharge an employee at will for any or no reason, and that the employer's motives in discharging such an employee are legally immaterial. *Hall v. Answering Service*, 161 Ga. App. 874 (289 SE2d 533) (1982); *Andress v. Augusta Nursing Facilities*, 156 Ga. App. 775 (275 SE2d 368) (1980). Accordingly, the trial court properly concluded that the appellee was free to discharge the appellant, as an employee at will.

The trial court likewise correctly rejected the appellant's assertion of fraud as a theory of recovery. The appellee's oral promises that the appellant's employment would be permanent and that the striking employees would not be returned to their jobs do not afford the appellant a remedy in fraud, because the underlying employment contract, being terminable at will, is unenforceable. *Ely v. Stratoflex*, 132 Ga. App. 569 (208 SE2d 583) (1974).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1984.

*Charles A. Mathis, Jr., Hugh V. Wingfield III*, for appellant.

*James V. Towson, Hubert C. Lovein, Jr., W. Dan Roberts*, for appellee.