69983. ANDERBERG v. GEORGIA ELECTRIC MEMBERSHIP CORPORATION et al.

(332 SE2d 326)

SOGNIER, Judge.

Kenneth J. Anderberg brought this action against Georgia Electric Membership Corporation (GEMC), C. F. Hays, Jr., Heywood C. Gay and Janice Thompson seeking damages based on claims of breach of contract, tortious interference with contractual relations, slander, negligent supervision and intentional infliction of emotional distress. The trial court denied Anderberg's motion to compel discovery and granted summary judgment in favor of all defendants. Anderberg appeals.

Appellant was employed by GEMC as the managing editor of a magazine published for its members. Appellant was terminated by Gay, GEMC's vice president and appellant's immediate supervisor, following a discussion with Gay in which appellant stated that Gay

would have to fire either appellant or appellant's secretary, Thompson. Appellant contends that he was terminated because of an alleged relationship between Gay and Thompson rather than for the reasons given by GEMC that appellant refused to follow Gay's orders and that appellant presented an ultimatum which required Gay to choose between firing him or Thompson.

1. Appellant contends the trial court erred by granting summary judgment against him because questions of fact remain as to his claim of breach of his permanent contract of employment.

"[I]n the absence of a controlling contract, 'permanent employment,' 'employment for life,' 'employment until retirement' is employment for an indefinite period, terminable at the will of either party, which gives rise to no cause of action against the employer for alleged wrongful termination." *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (1) (250 SE2d 442) (1978); *Jacobs v. Ga.-Pacific Corp.*, 172 Ga. App. 319, 320 (323 SE2d 238) (1984).

Appellant contends that GEMC's policy manual constituted an employment contract and that under the terms of the manual appellant could be terminated only for "just and sufficient cause." The manual sets forth certain policies and information regarding employment with GEMC including employment termination, holidays, leave, and employee evaluations. The manual cannot be interpreted to constitute or be a part of a written contract governing the length of appellant's employment period, *Nelson v. M & M Prods. Co.*, 168 Ga. App. 280, 281 (1) (308 SE2d 607) (1983), and because it is uncontroverted that appellant's employment was "permanent" and therefore for an indefinite term, the trial court did not err in granting summary judgment against appellant on this issue. *Ga. Power Co. v. Busbin*, supra at 613 (1); *McElroy v. Wilson*, 143 Ga. App. 893, 895 (1) (240 SE2d 155) (1977); OCGA § 34-7-1.

2. Appellant contends the trial court erred by granting summary judgment in favor of GEMC and Gay on his claim that those appellees are liable for slander. Appellant argues that questions of fact remain as to this claim based on Gay's allegedly false statements to prospective employers of appellant regarding appellant's termination.

" 'As a general rule, a communication in respect of the character or qualifications of an employee or former employee may be made to any person who has a legitimate interest in the subject matter thereof, such as a prospective employer. [Cit.]' . . . Such a report [to a prospective employer] would, prima facie, be protected by a conditional or qualified privilege." *Land v. Delta Airlines*, 147 Ga. App. 738, 739 (6), 740 (7) (250 SE2d 188) (1978); OCGA §§ 51-5-7 (2); 51-5-9. "Malice to avoid qualified privilege must be actual and with evil intent." *Land*, supra at 739 (7).

The record discloses that Gay informed a prospective employer of

appellant that he was discharged for refusing to follow Gay's instructions and for presenting Gay with an ultimatum to fire either Thompson or appellant. Appellant's only evidence of malice on Gay's part consists of his allegation that Gay's statement was false. Because appellant concedes the truth of Gay's statement concerning the ultimatum, there can be no slander in that regard. OCGA § 51-5-6. Appellant's general and conclusory allegations of malice are unsupported by any evidence and are therefore insufficient to avoid the privilege exercised by Gay. *Land,* supra at 739, 740 (7). "When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. . . ." OCGA § 9-11-56 (e); *Jahncke Service v. Dept. of Transp.,* 172 Ga. App. 215, 219 (2) (322 SE2d 505) (1984). The trial court did not err by granting summary judgment against appellant on his slander claim.

3. Appellant contends the trial court erred by granting summary judgment against him on his claim against GEMC, Gay and Thompson for intentional infliction of emotional distress. Appellant argues that these appellees contrived false and insufficient reasons for discharging him and relayed those false reasons to prospective employers.

"In order to sustain a cause of action in this state for the tort of intentional infliction of emotional distress, a plaintiff must show that 'defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff.' [Cits.]" *Sossenko v. Michelin Tire Corp.,* 172 Ga. App. 771, 772 (324 SE2d 593) (1984).

There is no evidence in the record of any conduct by appellees directed against appellant that was terrifying or insulting. Gay's termination of appellant and Gay's statement to a prospective employer were authorized, create no basis for liability, and certainly do not constitute outrageous conduct. See Divisions 1 and 2. Appellant in his deposition stated that he did not know of anything Thompson said or did which was detrimental to him in his employment. "Even construing the evidence as we must, in favor of appellant as the nonmoving party, an exhaustive review of the record in this case reveals no actions directed against appellant by appellee[s] that amount to 'the kind of egregious conduct necessary to state a claim for the intentional infliction of emotional distress.' [Cit.]" *Sossenko,* supra at 772. Therefore, the trial court correctly granted summary judgment in favor of appellees on this issue.

4. We find no merit in appellant's enumeration that the trial court erred by denying his motion to compel discovery. Appellant sought to have the trial court compel Gay and Thompson to answer questions regarding their alleged relationship, which questions appel-

lant argues are relevant and material to his claims against appellees. Although the permissible scope of discovery is very broad, OCGA § 9-11-26 (b) (1), "the trial judge [is accorded] a broad discretion to take action 'which justice requires to protect the party . . . from annoyance, embarrassment, or oppression.' [Cits.]." *Jackson v. Gordon*, 122 Ga. App. 657 (178 SE2d 310) (1970); see OCGA § 9-11-30 (d).

The discovery sought has no relevance to appellant's claim of breach of his employment contract because it is uncontroverted that appellant's employment with GEMC was "permanent" and therefore was terminable at will. *Ga. Power Co. v. Busbin*, supra at 613 (1); *McElroy v. Wilson*, supra at 895 (1). See Division 1. We find no merit in appellant's contention that the information sought is relevant to his claim of slander to show malice because appellee Gay's statement on its face was privileged and not slanderous. See Division 2. We also find no merit in appellant's contention that the information sought is relevant to his claim of intentional infliction of emotional distress to show appellee's underlying motives as there was no evidence of any outrageous conduct directed against him. See Division 3. The trial court did not abuse its discretion in refusing to compel the discovery sought by appellant. See *Jackson*, supra; OCGA § 9-11-30 (d); *Partain v. Mayor &c. of Royston*, 246 Ga. 297, 298 (271 SE2d 201) (1980).

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in Divisions 1, 2 and 3 and in the judgment.*

DECIDED MAY 31, 1985.

*Jerry L. Sims*, for appellant.
*Sue K. A. Nichols, Glenn Frick*, for appellees.