### 71226. MILES v. BIBB COMPANY et al.
(339 SE2d 316)

DEEN, Presiding Judge.

The appellant, C. Dean Miles, was employed for over three years by the appellee, The Bibb Company (Bibb), until he was discharged on December 22, 1982. Subsequently, he commenced this action against Bibb, Charles Cherry (the personnel director), and David Tharp (Miles' supervisor), alleging wrongful termination, interference with his contractual relationship of employment, tortious interference with his entitlement to unemployment compensation benefits, and intentional infliction of emotional distress. Miles appeals from the trial court's grant of summary judgment for all three defendants. *Held*:

1. Because there was no written contract governing it, the appellant's employment at Bibb was for an indefinite period, with termination at the will of either party without giving rise to a cause of action against the employer for an alleged wrongful termination. *Nelson v. M & M Prods. Co.*, 168 Ga. App. 280 (308 SE2d 607) (1983); *Georgia Power Co. v. Busbin*, 242 Ga. 612 (250 SE2d 442) (1978). Bibb did have written policies for disciplining and discharging employees, and the appellant contends that his termination did not comport with those policies. However, those guidelines in no way constituted parts of a written contract of employment and thus did not alter the at-will status of the appellant's employment. See *Nelson v. M & M Prods. Co.*, supra.

Miles emphasizes evidence that Cherry and Tharp had planned to discharge him allegedly because of his union sympathies (and possibly because he had testified against Bibb in another employee's workers' compensation claim), and that Cherry and Tharp had actually engineered the alleged violation of company rules for which he was discharged. It was uncontroverted that both Cherry as personnel manager and Tharp as the appellant's supervisor had the authority to

discharge the appellant. As the appellant's employment was terminable at will, and he was discharged by one with authority to do so, the motives of the employer were legally immaterial. *McElroy v. Wilson*, 143 Ga. App. 893, 895 (240 SE2d 155) (1977); *Georgia Power Co. v. Busbin*, supra. Further, the appellant's conspiracy claim fails because no actionable conspiracy arose from Cherry's and Tharp's authorized exercise of their legal right to discharge the appellant, *Meeks v. Pfizer*, 166 Ga. App. 815, 816 (305 SE2d 497) (1983); *Nelson v. M & M Prods. Co.*, supra, and the appellant's theory of recovery of intentional interference with his employment contract also fails simply because neither Cherry nor Tharp was a third party unauthorized to discharge an employee. See *Campbell v. Carroll*, 121 Ga. App. 497 (174 SE2d 375) (1970); *Georgia Power Co. v. Busbin*, supra.

2. The appellant also asserted tortious interference with his claim for unemployment compensation benefits, alleging that the appellees withheld information from and made false statements to the Employment Security Agency, with the result that he was disqualified for benefits for nine weeks. (In this case, the appellee/employer appealed the initial award of benefits, following which the Board of Review disqualified the appellant; the appellant never sought judicial review of this determination.) The appellees contend that this claim constitutes an impermissible collateral attack on the administrative procedures for determining entitlement to unemployment compensation provided at OCGA § 34-8-170 et seq.

Certainly, under the pertinent statutory provisions, a claimant must exhaust his administrative remedies before judicial review is allowed, and the administrative determination is final where there is no timely petition for judicial review. Nothing in the statutory scheme specifically indicates that these administrative procedures (and judicial review) preclude an action for tortious interference with one's claim for unemployment compensation benefits. Compare *Johnson v. Gary*, 443 S2d 924, 926 (Ala. 1983). Nevertheless, we conclude that no cause of action exists for "tortious interference with one's claim for unemployment compensation," in part because the inchoate expectation of receiving unemployment compensation benefits prior to a final determination of eligibility does not constitute a vested property right, see OCGA § 51-9-1, generally, and in part because to allow such a cause of action would render illusory (and violate the obvious legislative intent for) the finality afforded administrative determinations. Nothing in *Cox v. Brazo*, 165 Ga. App. 888, 890 (303 SE2d 71) (1983), wherein this court merely characterized such an asserted cause of action as "sounding in defamation," prevents this conclusion. Accordingly, summary judgment for the defendants was appropriate on this count.

3. The appellant also contends that the appellee's actions, dis-

charging him and then contesting his claim for unemployment compensation, support his claim for intentional infliction of emotional distress. However, we find none of the appellee's alleged actions so egregious as to state such a claim. *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771 (324 SE2d 593) (1984).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1985 —
REHEARING DENIED DECEMBER 19, 1985 — 

*James D. Patrick, Jr.*, for appellant.
*Homer L. Deakins, Jr., William B. Hardegree, Margaret H. Campbell, H. Lane Dennard, Jr., James E. Humes II*, for appellees.