70638. MOSS et al. v. CENTRAL STATE HOSPITAL et al.
(346 SE2d 580)

CARLEY, Judge.

1. The relevant facts in this declaratory judgment action are set forth in *Moss v. Central State Hosp.*, 176 Ga. App. 116 (335 SE2d

---

456) (1985). In that opinion, we affirmed the trial court's grant of summary judgment in favor of appellees and its denial of appellants' motion for summary judgment. The basis for our decision was the availability of a special statutory remedy which we found sufficient to protect the rights of the parties. On certiorari, our "affirmance of the trial court's grant of summary judgment to [appellees was] reversed and the case [was] remanded" to this court. *Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226) (1986). Accordingly, our original decision in *Moss v. Central State Hosp.*, supra, is vacated. The decision of the Supreme Court is hereby adopted as the decision of this court and the trial court's order granting summary judgment in favor of appellees is reversed.

2. The denial of appellants' motion for summary judgment remains for resolution.

Citing *Farmer v. City of Fort Lauderdale*, 427 S2d 187 (Fla. 1983), appellants urge adoption of a per se rule whereby public employees may never be required to choose between submission to a polygraph examination and dismissal from their public employment. The Florida decision holds "that the same unreliability which prevents the polygraph's admissibility in court should preclude the dismissal of a police officer for failure to take a test." *Farmer v. City of Fort Lauderdale*, supra at 190. However, the Florida court itself recognized that "[c]ourts in many states have held that a police officer can be dismissed for refusal to take a polygraph test." *Farmer v. City of Fort Lauderdale*, supra at 189. See also *Anno.*, 15 ALR 4th 1207 (1982). North Carolina is apparently the jurisdiction that has most recently addressed the issue. "Of those decisions approving dismissal, the basic rules are that the officer must be informed: (1) that the questions will relate specifically and narrowly to the performance of official duties; (2) that the answer cannot be used against the officer in any subsequent criminal prosecution; and (3) that the penalty for refusal is dismissal. [Cit.] We think the better view is that discharge is permissible upon refusal to take the polygraph if the three requirements set forth above are followed, and we so hold." *Warren v. City of Asheville*, 328 SE2d 859, 863 (N. C. App. 1985).

We have considered both the Florida and North Carolina analyses. Although both cases involve police officers, the differing analyses have equal application to any public employee who faces a choice between submission to a polygraph examination or dismissal from his public employment. See *Rivera v. City of Douglas*, 644 P2d 271 (Ariz. App. 1982). Of the two rationales, we find that North Carolina's is indeed "the better view." Requiring appellants to submit to a polygraph examination conducted pursuant to the three enumerated requirements will deprive them of no constitutional rights. Appellants have no absolute constitutional right to continued public employ-

ment, only the right not to be deprived of that employment by unconstitutional means. See generally *City of Atlanta v. Mahony*, 162 Ga. App. 5 (289 SE2d 250) (1982), cert. vacated 250 Ga. 7 (296 SE2d 57) (1982). Moreover, appellants are fully protected by the Georgia rule which forbids, absent a stipulation to the contrary, use of the polygraph results as *evidence* in any such formal judicial or administrative *proceeding* in which they might ever conceivably be parties in the future. "The present rule in Georgia is that the results of polygraph examinations are not admissible into evidence, absent an express stipulation by the parties that they shall be admissible. [Cit.] 'This rule [also] applies to civil actions.' [Cits.] 'This rule is based on the present scientific unreliability of such tests ([cit.]). . . .' [Cit.]" *Munford, Inc. v. Anglin*, 174 Ga. App. 290, 294 (329 SE2d 526) (1985). Unlike the Florida court, we find no reason to employ the rationale which underlies a rule regarding the inadmissibility of *evidence* as a basis for also holding that no public employee may ever be required by his supervisor to undergo a polygraph examination in connection with an internal investigation wherein an occurrence in the performance of his employment has been called into question. In the absence of controlling statutory provisions, courts should fashion appropriate rules of evidence. In the absence of controlling constitutional prohibitions, courts should not usurp the legislative function by fashioning absolute rights to be afforded a public employee. Appellants assert no *statutory* right as public employees to refuse to take a polygraph examination which will not be constitutionally infirm.

Accordingly, we hold that appellants have no absolute right to refuse a polygraph examination. We adopt the three requirements set forth in *Warren v. City of Asheville*, supra, as the standard to be followed in Georgia in determining the permissible constitutional parameters of a polygraph examination of a public employee. Genuine issues of material fact remain with regard to whether appellants' proposed polygraph examinations meet this standard. The trial court did not err in denying appellants' motion for summary judgment.

3. The grant of summary judgment in favor of appellees is reversed. The denial of appellants' motion for summary judgment is affirmed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part, reversed in part and case remanded with direction. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 16, 1986.

*B. Carl Buice*, for appellants.
*Michael J. Bowers, Attorney General, Marion O. Gordon, First*

*Assistant Attorney General, Wayne P. Yancey, Jr., Senior Assistant Attorney General, Bryndis R. Jenkins, Assistant Attorney General, for appellees.*