72311. MR. B'S OIL COMPANY, INC. v. REGISTER.
(351 SE2d 533)

BEASLEY, Judge.

Register was hired, without written contract, to work in a convenience store owned by Mr. B's Oil Company, Inc. It is undisputed that the employment was terminable at will. Shortly after starting, Register was required to submit to a "Psychological Stress Evaluation" (PSE) test, which attempts to analyze the truthfulness of an individual's answers to certain questions by measuring voice stress. Thereafter, her employment was terminated.

Register sued the company alleging that her employment had been wrongfully terminated because of the answers to irrelevant PSE questions; that the PSE was inherently unreliable; that the company had administered the test intending to terminate her regardless of the results; and that prior to employment the company had represented that no test would be necessary to continue in the job but had then insisted on the test, administered it in bad faith and then wrongfully terminated her. She further claimed that the company made known to others the circumstances of the termination causing her intense suffering and embarrassment and reduced opportunities for employment. She demanded judgment for $50,000 actual damages and $50,000 punitive damages.

A later amendment claimed that the circumstances of the administration of the PSE constituted an invasion of privacy for which Register should recover $25,000 general damages and $25,000 punitive damages. Ostensibly in response to the amendment, the company filed a counterclaim but the trial court, virtually without objection

from either side, dismissed both the amendment and the counterclaim. Therefore, Register's right of recovery was dependent on proving any cause of action raised in the original complaint.

We granted interlocutory review of the trial court's denial of the defendant company's motion to dismiss for failure to state a claim. The former employer maintains that the suit for wrongful termination arising in contract should have been dismissed because plaintiff's employment was terminable at will and that no such cause of action exists independently in tort.

Should the trial court have granted defendant's motion to dismiss? " 'Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.' " *Storm Systems v. Kidd*, 157 Ga. App. 527, 528 (3) (278 SE2d 109) (1981). Construing Register's pleadings to do substantial justice, OCGA § 9-11-8 (f), and to serve her best interests, *Rodgers v. Ga. Tech Athletic Assn.*, 166 Ga. App. 156, 161 (2) (b) (303 SE2d 467) (1983), that is, with a view of recovery under either tort or contract law, we find that her complaint is a suit for wrongful termination and nothing more.

In such suits in employment at will situations, plaintiff often pleads emotional distress, embarrassment, difficulty in obtaining other employment, etc., stemming from the termination of employment. Where the plaintiff's employment is terminable at will, the employer, with or without cause and regardless of the motives involved, can discharge the employee without incurring liability. Lengthy allegations regarding the motives or reasons for the firing are legally irrelevant. See, e.g., *Jacobs v. Ga.-Pacific Corp.*, 172 Ga. App. 319 (323 SE2d 238) (1984); *Troy v. Interfinancial, Inc.*, 171 Ga. App. 763 (320 SE2d 872) (1984); *West Va. Glass Specialty Co. v. Guice & Walshe, Inc.*, 170 Ga. App. 556 (317 SE2d 592) (1984); *Andress v. Augusta Nursing Facilities*, 156 Ga. App. 775 (275 SE2d 368) (1980).

Wrongful termination is a tortious act growing out of the breach of the employment contract. This court has repeatedly held that in the absence of a controlling written contract of employment, there is *no* cause of action against the employer for alleged wrongful termination. *Jacobs v. Ga.-Pacific Corp.*, supra at 320.

Register's argument for the validity of maintaining her suit is that it is not one for wrongful termination but rather one for invasion of privacy growing out of loss of reputation as a result of defendant's bad faith inquiry into her private affairs via the administration of the PSE. She also raises the specter of libel or slander and the intentional infliction of emotional distress.[1] The negative impacts plaintiff alleges

---

[1] During a hearing on a motion in limine in the case, the court stated: "Well, now my

all directly stem from the termination and are clearly not independent of the severance of employment. The only suggested cause of action for invasion of privacy, even if we were to construe it as legally separate from the alleged wrongful termination, was dismissed from the suit.

Since plaintiff would not be able to recover under any state of provable facts, the trial court erred in denying the defendant company's motion to dismiss the suit for failure to state a claim.

*Judgment reversed. Banke, C. J., Birdsong, P. J., Carley and Sognier, JJ., concur. Deen, P. J., McMurray, P. J., Pope and Benham, JJ., concur in part and dissent in part.*

BENHAM, Judge, concurring in part and dissenting in part.

The majority held that where the plaintiff's employment is terminable at will, the employer, with or without cause and regardless of the motives involved, can discharge the employee without incurring liability, and that the trial court erred in denying the defendant company's motion to dismiss for failure to state a claim.

As to the wrongful termination claim, the majority has adequately stated Georgia's extremely broad rule. This rule has been adopted by our Supreme Court and the rule has long been established in this court. *Georgia Power Co. v. Busbin,* 242 Ga. 612, 613 (250 SE2d 442) (1978); *Nelson v. M & M Prods.* 168 Ga. App. 280, 281 (308 SE2d 607) (1983); *Land v. Delta Air Lines,* 130 Ga. App. 231 (203 SE2d 316) (1973).

I believe, however, that the rule is much too harsh and the more enlightened view is that adopted by other states. "A cause of action for wrongful termination exists where an employee at will alleges public policy violations." *Perks v. Firestone Tire &c. Co.,* 611 F2d 1363 (3d Cir. 1979). See also *Palmateer v. Intl. Harvester Co.,* 85 Ill2d 124 (421 NE2d 876) (1981); *Harless v. First Nat. Bank,* 162 W.Va. 116 (246 SE2d 270) (1978), permitting a cause of action for retaliatory termination; *Tameny v. Atlantic Richfield Co.,* 27 Cal3d 167 (610 P2d 1330) (1980), permitting a cause of action where termination was based on refusal to commit a criminal act. Even this court has recognized the inadequacies in our existing law. *Evans v. Bibb Co.,* 178 Ga. App. 139 (342 SE2d 484) (1986).

Recognizing abounding precedent, I agree with the majority's conclusion that the wrongful termination claim should have been dismissed. I, therefore, concur with the majority insofar as it relates to

question is this. When you decide that the wrong was committed by the administration of the test, could you not have refused to take the test? See? Then they say, 'Take the test or you're fired.' So she's fired. Then you have nothing more than a wrongful termination. Is that right?" Plaintiff's counsel responded: "I think that would be right."

the wrongful termination claim.

However, we must not confuse this State's position on wrongful termination with the availability of relief under similar, but distinct, causes of action. For instance, violations of civil and constitutional rights (*City of Atlanta v. Mahony*, 162 Ga. App. 5 (289 SE2d 250) (1982); see also *Moss v. Central State Hosp.*, 179 Ga. App. 359 (346 SE2d 580) (1986)) provide other causes of action in cases where termination of employment is part of the wrong done to plaintiff. We have such a case here.

Plaintiff filed a complaint alleging that the defendant caused her to be subjected to a polygraph test that contained no questions relevant to plaintiff's qualifications for employment. She was subsequently fired due to allegedly unreliable answers. The record shows that customers who asked defendant's agent where the plaintiff was were told that she was fired after flunking a polygraph test and that she was a thief who had been caught red-handed. Appellant contends that these defamatory words were spread throughout plaintiff's community and prevented her from becoming employed. Plaintiff properly made out a claim for invasion of privacy under these allegations. *Cabaniss v. Hipsley*, 114 Ga. App. 367 (151 SE2d 496) (1966).

Contrary to assertions in the majority opinion, the claim for invasion of privacy was not dismissed. Sometime subsequent to the filing of her complaint, the plaintiff filed an amendment to her original complaint, setting out specifically that she asserted a claim for invasion of privacy in this case. At the hearing on the motion to dismiss of which this appeal is concerned, the trial court expressly recognized that the complaint as originally filed already stated a claim for invasion of privacy and that, therefore, the amendment was superfluous. We agree with the trial court that the amendment was superfluous. Under notice pleading (OCGA § 9-11-8 (f)), the complaint was sufficient to set out a claim for invasion of privacy. The majority fails to distinguish between the dismissal of the amendment, which occurred merely because it was superfluous, and the dismissal of the claim, which did not occur. The trial court expressly recognized the plaintiff's claim for invasion of privacy.

Since there is presently a viable claim in this case for invasion of privacy, the trial court's order denying the motion to dismiss should be affirmed insofar as it relates to invasion of privacy.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Judge Pope join in this opinion.

DECIDED DECEMBER 5, 1986.

*Anthony O. L. Powell*, for appellant.

*N. David Wages*, for appellee.